**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANDERSON NEHEMIAS GODINEZ CHAVEZ** | : | **CIVIL ACTION** |
| | : | |
| | : | |
| v. | : | **NO. 26-1569** |
| | : | |
| **JAMISON,** *et al.* | : | |

# <u>ORDER</u>

**AND NOW**, this 16th day of March, 2026, upon consideration of Anderson Nehemias Godinez Chavez's petition for writ of *habeas corpus* under 28 U.S.C. § 2241 (DI 1), and the government's response in opposition thereto (DI 3), it is **ORDERED** that Mr. Chavez's petition is **GRANTED** for the reasons that follow:

1.     Mr. Chavez is a native of Guatemala, who entered the United States in January 2024 as a 17-year-old. DI 1 at ¶ 1. Shortly after entering the United States, DHS officers encountered Mr. Chavez. *Id.* at ¶ 25. DHS detained and processed Mr. Chavez in a detention facility for children but did not commence removal proceedings against him. *Id.* Ultimately, DHS released Mr. Chavez to live in Phoenixville, Pennsylvania with his uncle and his uncle's family. *Id.*

2.     Since arriving in the United States, Mr. Chavez has lived in Phoenixville, where he attended high school and has been working at a painting company. *Id.* at ¶¶ 1, 26.

3.     On the morning of March 10, 2026, Mr. Chavez was arrested by ICE while he was in his coworker's car at a gas station, heading to work. *Id.* at ¶¶ 2, 28. The agents told Mr. Chavez that he had bad luck because they were looking for another individual. *Id.* Mr. Chavez is currently detained at the Philadelphia Federal Detention Facility without eligibility for bond under 8 U.S.C. § 1225(b)(2)(A). *Id.* at ¶ 2.

4.      Section 1226 of the Immigration and Nationality Act (INA), titled "Apprehension and detention of aliens," applies to noncitizens already in the United States and gives the Attorney General discretion to detain or release them on bond pending a decision on their removal.  8 U.S.C. § 1226(a); *see Nielsen v. Preap*, 586 U.S. 392, 397 (2019).  If detained, the noncitizen may request a bond hearing before an immigration judge and may be released if he can show he is not a flight risk and does not pose a danger to the community.  8 C.F.R. § 1236.1(c)(8), (d)(1); *Nielsen*, 586 U.S. at 398.

5.      By contrast, Section 1225 of the INA, titled "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing," provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title."  8 U.S.C. § 1225(b)(2). Detention under Section 1225(b)(2) is mandatory and a detainee may only be released "for urgent humanitarian reasons or significant public benefit."  *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (citation modified).

6.      On September 15, 2025, the Board of Immigration Appeals (BIA) issued a decision in *Matter of Yajure Hurtado* 29 I. & N. Dec. 216 (BIA Sept. 5, 2025).[1]  Under the BIA's *Hurtado* decision, BIA concluded that resident noncitizens are subject to detention under 8 U.S.C. § 1225(b)(2)(A), not 8 U.S.C. § 1226(a), which would render noncitizens present in the

---

[1] While the government breaks its detentions down into four categories — which they argue have "certain legal and factual distinctions" but provide no explanation of what those distinctions are — it acknowledges that "the fundamental point of departure between the government's position and the position advanced by petitioners and adopted in over 200 decisions in this district relates to the correct interpretation of § 1225(b)(2)(A)."  DI 3 at 2.

2

United States ineligible to be released on bond.[2]  The government argues that Mr. Chavez is not entitled to a bond hearing.  DI 3 at 4-8.  We disagree.

7.      As the government acknowledges, the "vast majority of district courts" confronted with this issue have "rejected" the government's position, including more than 200 decisions from judges in this district to date.  *Id.* at 3 (ECF).  However, the government observes that the Fifth Circuit Court of Appeals recently considered this question and "agreed with the government." *Id.* (citing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).  As we recently did in *Diop v. Jamison, et al.*, No. 25-cv-6946 (Jan. 1, 2026), and *Rodriguez Mezquita v. McShane et al.*, No. 26-cv-1136 (Mar. 2, 2026), we adopt the reasoning of judges of this district for the wholly persuasive reasons stated therein and find this reasoning prevails over the reasoning relied upon in the non-binding *Buenrostro-Mendez* opinion.[3]  *See, e.g.*, *Patel v. McShane*, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025) (Brody, J.); *Ndiaye v. Jamison*, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sánchez, J.); *Demirel v. Fed. Det. Ctr. Philadelphia*, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (Diamond, J.); *Kashranov v. Jamison*, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025) (Wolson, J.); *Cantu-Cortes v. O'Neill, et al.*, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025) (Kenney, J.); *Centeno Ibarra v. Warden of the Federal Detention Center, et al.*, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025) (Rufe, J.); *Buele Morocho v. Jamison, et al.*, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025) (Gallagher, J.); *Diallo v. O'Neill, et al.*, 2025 WL

---

[2] The government also cites to *Matter of Q. Li*, 29 IN 66 (BIA 2025), which contains a nearly identical interpretation of § 1225 compared to *Hurtado*.  DI 3 at 2.

[3] We do not cite to the over 200 cases decided against the government on this issue because the government acknowledges the weight of authority against it.  Rather, we cite a sample of those decisions by way of example.

3

3298003 (E.D. Pa. Nov. 26, 2025) (Savage, J.); *Rios Porras v. O'Neill, et al.*, 2025 WL 3708900 (E.D. Pa. Nov. 25, 2025) (Beetlestone, C.J.); *Wu v. Jamison, et al.*, No. 25-cv-6469 (E.D. Pa. Dec. 1, 2025) (Gallagher, J.); *Flores Obando v. Bondi*, 2025 WL 3452047 (E.D. Pa. Dec. 1, 2025) (Brody, J.); *Valdivia Martinez v. FDC*, No. 25- cv-6568 (E.D. Pa. Dec. 1, 2025) (Savage, J.); *Soumare v. Jamison*, 2025 WL 3461542 (E.D. Pa. Dec. 2, 2025) (Henry, J.); *Yilmaz v. Warden, FDC*, 2025 WL 3459484 (E.D. Pa. Dec. 2, 2025) (Rufe, J.); *Nogueira-Mendes v. McShane*, 2025 WL 3473364 (E.D. Pa. Dec. 3, 2025) (Slomsky, J.); *Juarez Velazquez v. O'Neill, et al.*, 2025 WL 3473363 (E.D. Pa. Dec. 3, 2025) (Henry, J.); *Perez-Suspes v. Rose, et al.*, 2025 WL 3492820 (E.D. Pa. Dec. 5, 2025) (Brody, J.); *Delgado Villegas v. Bondi, et al.*, No. 25-cv-6143 (E.D. Pa. Dec 4, 2025) (Diamond, J.); *Hidalgo et al. v. O'Neill, et al.*, No. 25-cv-6775 (E.D. Pa. Dec. 5, 2025) (Diamond, J.); *Conde v. Jamison, et al.*, 2025 WL 3499256 (E.D. Pa. Dec. 5, 2025) (Brody, J.); *Rodrigues Pereira v. O'Neill, et al.*, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025) (Marston, J.); *Bhatia v. O'Neill, et al.*, 2025 WL 3530075 (E.D. Pa. Dec. 9, 2025) (Rufe, J.); *Anirudh v. McShane, et al.*, 2025 WL 3527528 (E.D. Pa. Dec. 9, 2025) (Bartle, J.); *AcostaCibrian*, No. 25-cv-6650 (E.D. Pa. Dec. 9, 2025) (Gallagher, J.); *Picon v. O'Neill, et al.*, 2025 WL 3634212 (E.D. Pa. Dec. 15, 2025) (Perez, J)).

8.      Accordingly, if Mr. Chavez is subject to detention at all, it is under 8 U.S.C. § 1226(a).  The government shall **RELEASE** Mr. Chavez from custody immediately and certify compliance with this Order by filing on the docket no later than **5:00 p.m. ET** on Wednesday, **March 18, 2026**;

9.      The government is temporarily enjoined from re-detaining Mr. Chavez for seven days following his release from custody;

4

10. If the government chooses to pursue re-detention of Mr. Chavez after that seven-day period, it must first provide him with a bond hearing, at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings; and

11. Pending the ordered bond hearing, the government cannot remove, transfer, or otherwise facilitate the removal of Mr. Chavez from the Eastern District of Pennsylvania before the ordered bond hearing. If an immigration judge determines that Mr. Chavez is subject to detention under 8 U.S.C. § 1226(a), the government may request permission from the court to move Mr. Chavez if unforeseen or emergency circumstances arise that require him to be removed from the District. Any such request must include an explanation for the request as well as a proposed destination. We will then determine whether to grant the request and permit transfer of Mr. Chavez.

MURPHY, J.